## MUTUAL AGREEMENT TO ARBITRATE

1. Effective Date

Employee's commencement of work for the Company shall constitute acceptance of the terms and conditions of this Mutual Agreement to Arbitrate Claims ("Agreement") regardless of whether or not Employee signs this document and shall be the Effective Date of this Agreement. Pursuant to the terms of this Agreement, Company and Employee mutually agree to resolve Covered Claims which occur on or after the Effective Date according to the terms and conditions of this Agreement.

2. Definitions

   a. "**Company**" means the Magic Burgers, LLC and includes all employees, officers, directors, agents, owners, representatives, franchisors, affiliated or related companies of the entities and/or persons other than Employee whose alleged act or omission was the cause of any Covered Claim.

   b. "**Employee**" means a person who is employed by Company. The term also includes an Employee's spouse, children, parents, estate, successors and assigns.

   c. "**Course and Scope of Employment**" means an activity of any kind or character that has to do with and originates in the work, business, trade, or profession of Company and that is performed by Employee while engaged in or about the furtherance of the affairs or business of Company. The term includes an event or activity conducted on the premises of Company or at other locations.

   d. "**Covered Claim**" or "**Covered Claims**" means any and all claims included or described in Paragraph 5(a) of this Agreement.

3. Federal Arbitration Act Applies

Company is engaged in "commerce" as that term is defined in Section 1 of the Federal Arbitration Act ("FAA"). The FAA governs all aspects of this Agreement.

4. ARBITRATION IS MANDATORY FOR EMPLOYEES

COVERED CLAIMS SHALL BE EXCLUSIVELY RESOLVED BY BINDING ARBITRATION. WHILE BOTH EMPLOYEE AND COMPANY RETAIN ALL SUSTANTIVE LEGAL RIGHTS AND REMEDIES UNDER THIS AGREEMENT, EMPLOYEE AND COMPANY ARE BOTH WAIVING ALL RIGHTS WHICH EITHER MAY HAVE WITH REGARD TO TRIAL, WHETHER JURY OR NON-JURY, IN STATE OR FEDERAL COURT FOR ANY COVERED CLAIM. EMPLOYEE AND COMPANY ALSO AGREE TO WAIVE ANY RIGHT THEY MAY HAVE TO CLASS ARBITRATION OR CONSOLIDATION OF INDIVIDUAL ARBITRATIONS FOR ANY AND ALL




EXHIBIT A

COVERED CLAIMS. THE DECISION OF THE ARBITRATION JUDGE OR FIRM IS FINAL AND BINDING ON ALL OF THE PARTIES. THERE IS NO RIGHT TO APPEAL ON THE MERITS OF THE DISPUTE TO EITHER A STATE OR FEDERAL COURT.

5. Scope of Arbitration Agreement

   a. Claims Covered by This Agreement

   This Agreement is mutual, covering all the claims that Company or Employee may have which arise from:

   (i) Unless it is covered by the Employer's worker's compensation insurance policy or other occupational insurance policy, including those matters under the ERISA plan, if any, then any injury suffered by Employee while in the Course and Scope of Employee's employment with Company, including but not limited to, claims for negligence, gross negligence, and all claims for personal injuries, physical impairment, disfigurement, pain and suffering, mental anguish, wrongful death, survival actions, loss of consortium and/or services, medical and hospital expenses, expenses of transportation for medical treatment, expenses for drugs and medical appliances, emotional distress, exemplary or punitive damages and any other loss, detriment or claim of whatever kind and character; and

   (ii) Any and all claims or controversies concerning or relating to Employee's application with, employment with, or termination from, the Company, including but not limited to, claims for standard wages, overtime wages, or other compensation or benefits due; claims for breach of any contract, express or implied; employment related tort claims (including claims for negligence, gross negligence, and international harm); claims for discrimination or harassment of any kind – including without limitation harassment or discrimination based on gender, race, nationality, ethnicity, disability, religion, age, and all other categories or classes of protection under the federal or state law; and/or claims for violation of any federal or state statute or common law or regulation.

   b. Claims Not Covered by This Agreement

   This Agreement does not apply to:

   (i) Employee benefits under any ERISA plan for employee sustaining injuries as described under the plan benefit summary, and in which case, such claims shall be governed under the rules of such plan;

   (ii) A claim for unemployment benefits through the Florida Work Commission or comparable state agency;

(iii) A claim or charge with any state or federal agency which would otherwise investigate or pursue a claim or charge, such as the Equal Employment Opportunity Commission (and comparable state agency) or a state unemployment agency; however, a private right of action arising from or related to such claim or charge is a Covered Claim;

(iv) Claims for employee benefits or matters covered and described under any ERISA plan, in which case such claims shall be governed under the rules of such plan;

(v) Claims covered by a collective bargaining agreement, in which case the terms, conditions and procedures of that collective bargaining agreement shall control;

(vi) Claims by Company against Employee for theft, conversion, embezzlement or breach of Company policy regarding money and other personal property, or criminal acts or conduct;

(vii) Claims against Employee for intellectual property violations, unfair competition and/or the use and/or unauthorized disclosure of trade secrets or confidential information and/or other such claims where injunctive relief is usual remedy in addition to money damages.

c. **Other Scope of Arbitration Provisions**

Nothing in this Agreement precludes the parties from agreeing to resolve claims that are otherwise not covered by this Agreement the same as if they were Covered Claims.

The question of whether any particular claim is a Covered Claim under the terms of this Agreement shall be arbitrated pursuant to the procedures set forth in this Agreement.

6. Procedure

a. **Who Shall Arbitrate?**

All arbitrations under this Agreement shall be administered by Judicial Workplace Arbitration, Inc. under its rules for the resolution of disputes, and if not available, then the American Arbitration Association ("AAA") and its rules. For any arbitration under this Agreement, a single arbitrator shall be appointed. Company and Employee are to participate in the selection of a neutral arbitrator as follows: (i) the parties shall be presented a panel with a minimum of three different arbitrators from whom they shall choose from Judicial Workplace Arbitrators, Inc. (or AAA); (ii) Each arbitrator on the panel shall have previously served as a

federal judge or a Florida state court judge at least at the county level; (iii) Company and Employee may agree to the selection of one arbitrator from the panel; (iv) If an agreement is not reached, Company and Employee shall have an equal number of strikes; in such an event, (v) Employee and Company shall each strike one arbitrator from the panel and the parties shall continue to strike arbitrators from the panel until one arbitrator remains, who shall then arbitrate the claim; (vi) any arbitrator must be neutral as to all parties; and (vii) standards for the recusal of an arbitrator shall be the same standards under which trial judges are recused under Florida law.

b.   **Where Shall the Arbitration Take Place?**

If Employee lives within 50 miles of the city where the restaurant in which he or she works is located, the arbitration shall be held in the county seat of the county where the restaurant is located. If Employee resides more than 50 miles from the city where the restaurant is located, Employee may elect to have the arbitration held in either the county seat of the county where the restaurant is located or the county seat of the county of Employee's residence so long as Employee resides in the state of Florida. Otherwise, the place of arbitration will remain in county seat of the county where the restaurant is located. If the Employee is no longer employed with Company, then the county seat of the county where Employee resided during his or her last month of employment shall constitute the location for the arbitration.

c.   **Payment of Fees**

Company shall be responsible for the arbitrator's fee.

d.   **Discovery and pre-Arbitration Motions**

All parties are entitled to pre-arbitration discovery under the Florida Rules of Civil Procedure. The same discovery devices and scope of discovery as set forth in those rules shall apply. All parties are entitled to file any motions, including dispositive motions, set forth in the Florida Rules of Civil Procedure.

e.   **Remedies and Defenses**

All parties are entitled to allege any claim, obtain any remedy and assert any legal or equitable defense that the party could allege, obtain or assert in an Florida state or federal court, including any limitation of action defense the running of which shall be not tolled or abated as a result of the filing and prosecution of any Covered Claim.

f. Written Award

Within a reasonable time after the conclusion of the arbitration hearing, the arbitrator shall issue an award and send a copy to all parties.

7. Consideration

In addition to any other consideration that may exist for this Agreement, each party's mutual promise to resolve claims and controversies by arbitration in accordance with the provisions of this Agreement constitutes consideration for this Agreement. Likewise, Employee's continued employment with Company after receiving notice of the institution of the Agreement will also constitute consideration for this Agreement.

8. Enforceability

If any provision of this Agreement or the arbitration program is adjudged to be invalid, illegal or unenforceable, in whole or in part, the balance of this Agreement or the program shall remain in effect. If this Agreement is held to not be enforceable on a retroactive basis to the effective date (set forth in Paragraph 1), the Agreement shall be enforced only prospectively from the acceptance date (also set forth in Paragraph 1).

9. Not an Employment Agreement

This Agreement is not, and shall not be construed to create, any contract of employment, express or implied, nor shall this Agreement be construed in any way to change the employment status of any employee of Company from at-will status.

10. Amendment or Termination of Agreement.

Company retains the right to terminate or modify this Agreement at any time. However, no amendment or modification shall apply to any claims, disputes, or controversies of which the Company had actual notice on the date of the amendment, and termination of this Agreement shall not be effective until ten (10) days after reasonable notice of termination is given Employee or as to claims, dispute, or controversies which arose prior to the date of termination.

11. Term

This Agreement commences on the Effective Date and applies to all Covered Claims which occurred on or after the Effective Date.

This Agreement shall survive the employer employee relationship between Company and Employee and shall apply to any Covered Claim whether

it arises or is asserted during or after termination of the Employee's employment with the Company or the expiration of any benefit plan.

12. Sole and Entire Agreement

This Agreement constitutes the parties' complete agreement and supersedes any prior agreement regarding arbitration of Covered Claims which occur during the term of this Agreement. Any agreement contrary to or modifying any of the provisions included in this Agreement must be entered into, in writing, by an executive officer of Company. Oral representations made before or after Employee is hired do not alter this Agreement.

13. Foreign Language Version

In the event that this Agreement is translated into a language other than the English language, the terms of the English language version shall control if there arises any discrepancy or conflict between the English and other language versions of this Agreement.

Magic Burgers, LLC